IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS W. NEW, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-14-1132-M ) |
| BLACKWELL WIND, LLC, a Delaware LLC, WIND ENERGY CONSTRUCTORS, INC., a California Corporation, MILCO CONSTRUCTORS, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

This case is scheduled for trial on the Court's December 2017 trial docket.

Before the Court is defendant Blackwell Wind, LLC's ("Blackwell Wind") Motion for Summary Judgment, filed December 10, 2016. On January 9, 2017, plaintiff filed his response, and on January 23, 2017, Blackwell Wind filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Blackwell Wind is the owner of the twenty-six wind tower installation located in Blackwell, Oklahoma. The tower installation was constructed, pursuant to a construction agreement between Blackwell Wind and defendant Wind Energy Constructors ("WEC"). The installation of the climb assists[1] were performed by Milco Constructors, a subcontractor of WEC. During the construction phase of the project, Blackwell Wind contracted with Bartech, a company

---

[1] A climb assist is a motorized harness device that assists the service personnel in climbing from the base of 300-foot wind turbine generator towers to higher areas, including the top mechanical deck.

that provides qualified project personnel to staff wind farms with construction project personnel. Plaintiff was employed by Bartech.

Plaintiff alleges that on December 3, 2012, his knee was injured while working as an inspector on the Blackwell wind tower installation. Specifically, plaintiff alleges that when he was inspecting the installation of the climb assists, he was forcibly dragged upward unexpectedly and his knee was injured when it repeatedly and forcefully hit metal ladder rungs. Plaintiff further alleges the climb assist was dangerously modified by exceeding the manufacturer's maximum relief/tension force.

On September 5, 2014, plaintiff filed the instant action in the District Court of Kay County, State of Oklahoma. On October 15, 2014, this case was removed to this Court. Blackwell Wind now moves this Court for summary judgment in its favor.[2]

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

---

[2] In its motion for summary judgment, Blackwell Wind moves for summary judgment as to a product liability claim and a premises liability claim. In his response, plaintiff states that he has not, and does not, assert either a product liability claim or a premises liability claim. Accordingly, the Court finds that Blackwell Wind's arguments regarding these claims are moot.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

    A.    Agency-based vicarious liability

Plaintiff asserts, in part, that Blackwell Wind is liable based on agency-based vicarious liability. Blackwell Wind contends that plaintiff's agency-based vicarious liability claim is directly contradicted by the facts and the parties' express contractual agreement. Specifically, Blackwell Wind contends that WEC and Milco contractually assumed the duty of proper care in the installation of the climb assists and cannot be held to be Blackwell Wind's agent for purposes of any negligence in the performance of their construction duties. Further, Blackwell Wind relies upon the March 21, 2012 Engineering, Procurement and Construction Agreement for Blackwell Wind Project, which provides, in part, as follows:

> Contractor shall be an independent contractor with respect to any and all Work performed and to be performed under the Agreement. The Agreement shall not be interpreted or construed to create an association, joint venture or partnership relationship among or between the Parties or any similar relationship, obligations or liabilities. Neither party shall have any right, power or authority to enter into any agreement or undertaking for, act on behalf of, or to act as or be an agent or representative of, or to otherwise bind or obligate the other party.

Engineering, Procurement and Construction Agreement, attached as Exhibit 1 to Defendant Blackwell Wind, LLC's Motion for Summary Judgment and Brief in Support, at Section 2.2.1. In response, plaintiff asserts that the relationship of principal and agent is clearly established based on the facts of this case. Specifically, plaintiff asserts that Blackwell Wind, in fact, had the ability to control the work of WEC and Milco, to select and "validate" the workers retained, and to determine when and how tasks would be done.

"The burden of proving the existence, nature and extent of the agency relationship rests ordinarily upon the party who asserts it." *Enter. Mgmt. Consultants, Inc. v. State of Okla. ex rel. Okla. Tax Comm'n*, 768 P.2d 359, 362 (Okla. 1988). "[O]ne of the prime elements of an agency relationship is the existence of some degree of control by the principal over the conduct and activities of the agent." *Agee v. Gant*, 412 P.2d 155, 160 (Okla. 1966) (internal citation omitted). Further,

> [w]hen the alleged principal and agent have a written contract, as here, the question whether they have created an agency relationship is determined by the intent and effect of the contract language and the evidence of their actual conduct. If the facts show actual control by the principal, an agency is established regardless of the contract language.

*Thornton v. Ford Motor Co.*, 297 P.3d 413, 419 (Okla. Civ. App. 2012) (internal citations omitted).

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that Blackwell Wind cannot be held liable under an agency-based vicarious liability theory. Specifically, the Court finds it is undisputed that Blackwell Wind's contract with WEC expressly provided that WEC was not an agent of Blackwell Wind. Further, the Court finds that the evidence submitted by plaintiff does not show that Blackwell Wind actually controlled the conduct and activities of WEC and/or Milco to such a degree as to establish an

4

agency relationship. Accordingly, the Court finds that Blackwell Wind is entitled to summary judgment as to plaintiff's agency-based vicarious liability theory.

B. Direct liability

Plaintiff also asserts Blackwell Wind is liable to plaintiff under direct negligence principles. Specifically, plaintiff alleges that Blackwell Wind is directly negligent based upon its approval of an unsafe nonconformity modification of the climb assist and its failure to warn plaintiff of the unsafe modification made. Blackwell Wind contends that it did not approve, specify, or recommend the nonconformity modification of the climb assists. Blackwell Wind further contends that it had no duty to warn because there were warning stickers installed at the base of the climb assist.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff has submitted sufficient evidence to create a genuine issue of material fact as to whether Blackwell Wind approved the nonconformity modification of the climb assists, whether Blackwell Wind warned plaintiff of the unsafe modification made, and whether there were in fact any warning stickers installed at the base of the climb assist at the time of the accident. Accordingly, the Court finds that Blackwell Wind is not entitled to summary judgment as to plaintiff's direct negligence theory.

IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Blackwell Wind's Motion for Summary Judgment [docket no. 72] as follows:

(A) The Court GRANTS the motion for summary judgment as to plaintiff's agency-based vicarious liability theory, and

(B) The Court DENIES the motion for summary judgment as to plaintiff's direct negligence theory.

**IT IS SO ORDERED this 2nd day of June, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE