# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

THOMAS W. NEW, )
)
         Plaintiff, )
)
vs. ) Case No. CIV-14-1132-M
)
BLACKWELL WIND, LLC, a Delaware )
LLC; WIND ENERGY CONSTRUCTORS, )
INC., a California Corporation, and )
MILCO CONSTRUCTORS, INC., )
)
         Defendants. )

## ORDER

Before the Court is the Joint Motion of Defendants for Leave of Court to File Amended Answers to Clarify Affirmative Defense, filed October 3, 2017. On October 18, 2017, plaintiff filed his response. Based upon the parties' submissions, the Court makes its determination.

Defendants request leave of court to file amended answers including the affirmative defense that the damages asserted by plaintiff are subject to and limited by Okla. Stat. tit. 23, § 61.2. Plaintiff objects to defendants' request and contends that defendants' request is untimely.

Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

However, when a motion to amend is filed after the deadline set forth in the Scheduling Order, as it is in the instant matter[1], the moving party must show good cause for allowing the amendment out of time. *See* Fed. R. Civ. P. 16(b)(4); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990).

> Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has a "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a).
> . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotations and citation omitted).

Defendants assert that they have always contended that plaintiff's claims for non-economic damages would be limited by the statutory cap of $350,000 set out in Okla. Stat. tit. 23, § 61.2. Further, defendants assert that they desire to amend their answers to comply with the Tenth Circuit's recent decision in *Racher v. Westlake Nursing Home Limited Partnership, et al.*, Case No. 16-6011, holding that this statutory limit on non-economic damages is an affirmative defense.

Having carefully reviewed the parties' submissions, the Court finds that defendants have shown good cause for allowing the amendment out of time. Specifically, the Court finds that

---

[1]The deadline to file a motion to amend was March 5, 2015.

defendants' delay in filing their motion to amend was not a result of a lack of diligence on the part of defendants. Defendants' motion was filed five days after the Tenth Circuit's decision was issued in *Racher*. Further, defendants' motion is solely based upon this new development in the law.

As defendants have shown good cause for allowing the amendment out of time, defendants must now pass the requirements for amendment under Rule 15(a). Having carefully reviewed the parties' submissions, the Court finds that defendants should be granted leave to file amended answers including the affirmative defense that the damages asserted by plaintiff are subject to and limited by Okla. Stat. tit. 23, § 61.2. Specifically, the Court finds, as set forth above, that defendants did not unduly delay in filing their motion to amend. Additionally, the Court finds no bad faith or dilatory motive on the part of defendants, no failure to cure deficiencies by amendments previously allowed, and no futility of amendment. Finally, the Court finds that the amendment will not unduly prejudice plaintiff.

Accordingly, the Court GRANTS the Joint Motion of Defendants for Leave of Court to File Amended Answers to Clarify Affirmative Defense [docket no. 104]. Defendants shall file their amended answers within seven (7) days of the date of this Order.

**IT IS SO ORDERED this 27th day of October, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE